IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

CASE NO. 4:21-CV-00118-M

| | |
|---|---|
| WILEY NEIL BULLOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| KILOLO KIJAKAZI, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court on the Memorandum and Recommendation ("M&R") issued by United States Magistrate Judge Robert T. Numbers II [DE 16]. Judge Numbers recommends that this court deny Plaintiff's Motion for Judgment on the Pleadings [DE 11], grant Defendant's Motion for Judgment on the Pleadings [DE 14] and affirm the final decision of the Commissioner. Plaintiff filed objections to the M&R (DE 17) and Defendant responded (DE 18). After a de novo review in this case, the court finds that the ALJ made none of the errors reported by Plaintiff, overrules Plaintiff's objections, adopts the thorough rationale of the M&R, and concurs in the M&R's recommended rulings.

**I.     Standards of Review**

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Without timely objection, de novo review is unnecessary, and a district

court need only check for clear error on the face of the record to accept the magistrate judge's recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing 28 U.S.C. § 636(b)(1)). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A reviewing court must uphold a Social Security disability determination if "(1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020). The "substantial evidence" required is more than "a mere scintilla . . . but may be less than a preponderance." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). While not "reflexively rubber-stamp[ing] an ALJ's findings," a court reviewing for substantial evidence cannot "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for the ALJ's. *Arakas*, 983 F.3d at 95. Instead, the scope of review is limited to ensuring that the ALJ "'buil[t] an accurate and logical bridge' from the evidence to their conclusions." *Id.*; *see also Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997) (discussing that a court's review focuses on whether the ALJ analyzed the relevant evidence and sufficiently explained his findings and rationale in crediting the evidence).

Under § 636(b)(1), the claimant's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette,* 478 F.3d 616, 621 (4th Cir. 2007). On the other hand, "general and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (concluding that de novo review was still required under these decisions where a pro se litigant had objected to specific factual findings in the M&R).

2

## II. Analysis

Plaintiff Wiley Bullock challenges Administrative Law Judge (ALJ) Mason Hogan's denial of his application for social security income. Bullock claims that ALJ Hogan erred in (1) evaluating the medical opinion evidence and (2) considering his subjective statements. Defendant counters that the ALJ "properly accounted for [Plaintiff's] mental and physical limitations in the residual functional capacity (RFC), assessed the medical opinion evidence, and evaluated his symptoms to find Plaintiff could perform other jobs that existed in significant numbers in the national economy." DE 15 at 1. The matter was referred to Magistrate Judge Numbers for a recommendation pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Judge Numbers concluded that the ALJ "properly considered the medical opinion evidence" and found "no error in ALJ Hogan's assessment of Bullock's statements"; thus, Judge Numbers recommends that this court deny the Plaintiff's motion, grant the Defendant's motion, and affirm the Commissioner's decision. M&R, DE 16 at 1.

Plaintiff raises two objections to the M&R. The same two arguments raised in his motion for judgment on the pleadings. DE 15. The Commissioner filed a response asserting "that she relies on the points and authorities previously stated in her memorandum in support of her motion for summary judgment, filed with this court on May 25, 2022." DE 18.

As this court's review of the objected-to, magistrate-judge findings is de novo, the court will "uphold a Social Security disability determination if (1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas*, 983 F.3d at 94 (citations omitted). The standard applied to the substantial-evidence inquiry is a deferential one, limited to whether the ALJ "'buil[t] an accurate and logical bridge' from the evidence to their conclusions." *Id.* at 95 (citations omitted); *see also Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir.

3

2001) ("In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner].") (citation omitted); *Sterling Smokeless Coal Co.*, 131 F.3d at 439–40 (discussing that a court's review is focused on whether the ALJ analyzed the relevant evidence and sufficiently explained his findings and rationale in crediting the evidence).

As an initial matter, the court finds that the ALJ's decision is supported by substantial evidence. There is a logical bridge between the evidence and the ALJ's conclusion to deny Plaintiff's application for social security income. The ALJ found the claimant had medically determinable impairments with symptoms but "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the [evidence]." DE 8 at 21. A lumbar MRI revealed only "mild to moderate findings." DE 8 at 21. Plaintiff lost some "monocular vision" but his binocular vision is between 20/40 and 20/20. *Id.* at 22. His physical exams were repeatedly "unremarkable, including a normal gait pattern and normal posture." *Id.* Although the claimant reported shoulder pain, low back pain, and neuropathy, the ALJ noted "that treatment records make entirely clear that the reason the claimant left work as of the alleged disability onset date was that, due to the loss of vision in his one eye, his ophthalmologist did not think it safe for him to drive a forklift." *Id.* The ALJ determined that the loss of monocular vision and the claimant's reported physical ailments did create some limitations but were not consistent with the claimant's claimed disability. *Id.* at 23–24. The ALJ then relied on primary care provider records and the administrative findings of the State agency consultants, Drs. Veronica Bedeau and Robin Mika, to reject the claimant's claimed disability. *Id.* The ALJ's finding was based on substantial evidence, he built a logical bridge between the evidence and conclusion, and as explained in the ALJ's decision and the M&R, and as the court will explain

4

below, the ALJ properly considered all the evidence before it.

In Plaintiff's first objection, the Plaintiff contends that the ALJ failed to properly evaluate the medical opinion evidence. That is incorrect. The ALJ's decision to credit certain opinion evidence and discount other evidence is supported by substantial evidence.

Beginning with the opinions of treating physician Dr. Jahrsdorfer and N.P. Gay, the Plaintiff asks this court to reweigh the evidence and second-guess the ALJ's determination. Plaintiff asks this court to credit the opinions of Dr. Jahrsdorder and Gay based on evidence including an MRI from December 2014, reliance on clinical evidence of chronic, daily pain in the lower back and left shoulder, numbness and tingling in both feet, significant inability to lift his left shoulder, and radiating pain in his right leg. DE 17 at 2–3. They also argue Judge Numbers mischaracterized the opinions from Dr. Jahrsdorfer and Gay because the "records are wholly consistent with the clinical evidence" and considering "Mr. Bullock's own statements in conjunction with the clinical and diagnostic testing . . . is simply good medical practice." *Id.* at 3.

However, the ALJ considered this evidence and determined the checkbox forms completed by each examining physician were "wholly unpersuasive." The ALJ determined the "extreme limitations" referenced therein were not supported in the providers' "contemporaneous treatment records," which contained examinations that were "almost entirely benign." DE 8 at 26. The ALJ determined many of the recommended limitations lacked any support in the record, including "no support in even the claimant's subjective reports to these providers." *Id.* Moreover, the ALJ determined that the extreme limitations recommended by Dr. Jahrsdorfer and Gay did not match the treatment prescribed to the Plaintiff. *Id.* ("Logic dictates that, were the claimant truly as debilitated as set forth in these exhibits, much, much greater effort to alleviate his suffering would be undertaken. But that is not the case."). The ALJ reviewed this evidence and made a credibility

5

determination in light of the totality of the evidence. This court will not reweigh evidence or make new credibility determinations. *See, e.g., Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) ("In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ].").

Next, the Plaintiff argues the ALJ and M&R failed to properly consider the opinion of Dr. Chestnutt. Plaintiff argues Dr. Chestnutt's opinion was not vague and he correctly found Plaintiff's vision impairment would lead to significant limitations, including interference with attention and concentration. DE 17 at 6. Plaintiff argues if Dr. Chestnutt's opinion was too vague, then the ALJ should have requested clarification and additional information. *Id.* at 5–7. Plaintiff argues the ALJ improperly relied on the fact that Plaintiff's vision problems cause no pain and that the M&R improperly relied on Plaintiff's admission that despite his vision problems he still drives because the ALJ did not reject Dr. Chestnutt's opinion on that basis. *Id.* at 8.

Even assuming Dr. Chestnutt's statements were not vague, the ALJ's conclusions with respect to Dr. Chestnutt's opinion are supported by substantial evidence. For example, Dr. Chestnutt found the claimant "experiences pain or other symptoms severe enough to interfere with attention and concentration 'constantly;'" however, the provider's notes and the claimant's testimony confirmed his visual impairment causes no pain. DE 8 at 26–27. Loss of vision is the only symptom presented in Dr. Chestnutt's treatment notes but nothing in the record supports constant interference with attention and concentration caused by vision loss. The ALJ simply found Dr. Chestnutt's opinion unsupported by the record and relied on record evidence to deny Plaintiff's application for social security income.

Finally, the Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's testimony. However, the ALJ found numerous "inconsistencies between the medical evidence and

6

Case 4:21-cv-00118-M   Document 19   Filed 03/31/23   Page 6 of 8

[Plaintiff's] statements about the severity and limiting effects of his symptoms," justifying the ALJ's decision to decline the "statements of limitations that were belied by the medical evidence." DE 16 at 16. For example, although Plaintiff testified to having trouble focusing, he "displayed normal attention and concentration in neurological examinations." *Id.* at 15. Although Plaintiff reported worsening neuropathy, "a 2014 MRI showed only mild to moderate findings," he characterized his back pain as "mild and intermittent," and "[h]is primary care providers routinely noted his normal gait and posture." *Id.* Although Plaintiff had reported shoulder pain, "imaging studies noted no remarkable findings and providers assessed only a strain," which improved with exercise. *Id.* Although Plaintiff's vision was "severe and precluded his past work," "he still drove short distances," "his vision did not impede watching television," his blurred vision "was mild and treatable with corrective lenses," and despite "loss of vision in the right eye, [his] corrected left eye vision was 20/20." *Id.* at 16. In addition, Plaintiff reported that his medications were working for his neuropathy, shoulder pain, and foot pain. *Id.* at 15. In sum, the medical evidence contradicted Plaintiff's testimony and the ALJ was justified in refusing to accept Plaintiff's statements of limitation.

## III. Conclusion

It is not the job of the district court reviewing an ALJ's decision to "re-weigh conflicting evidence, make credibility determinations, or substitute its judgment" for the ALJ's. *Arakas*, 983 F.3d at 95. Rather, the court is constrained to "sustain the ALJ's decision, even if [the court] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith*, 99 F.3d at 638 ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court.") (citations omitted).

Having reviewed Plaintiff's objections and the record de novo, the court: (1) ADOPTS the

M&R [DE 16]; (2) UPHOLDS the decision of the Commissioner of the Social Security Administration; (3) DENIES Plaintiff's Motion for Judgment on the Pleadings [DE 11]; and (4) GRANTS Defendant's Motion for Judgment on the Pleadings [DE 14]. The Clerk of Court is DIRECTED to enter judgment in favor of Defendant, forward a copy of this order to Plaintiff and all counsel of record, and close this case.

SO ORDERED this 31st day of March, 2023.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE